OPINION
{¶ 1} Defendant-appellant Robert R. Shinaberry [hereinafter appellant] appeals from his January 17, 2003, conviction and sentence in the New Philadelphia Municipal Court on one count of driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and one count of failing to move over for a stationary public safety vehicle, in violation of R.C. 4511.213(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 11, 2001, appellant was driving a vehicle southbound on I-77 when he passed an Ohio State Patrol vehicle. The State Patrol vehicle was parked on the berm of the road with its red and blue lights flashing.
 {¶ 3} Appellant drove his vehicle past the State Highway Patrol vehicle without changing lanes. The Ohio State Trooper made a traffic stop of appellant's vehicle for failing to move over for a stationary public safety vehicle. Further investigation caused the Trooper to believe that appellant was driving under the influence of alcohol. Therefore, the Trooper placed appellant under arrest.
 {¶ 4} The Trooper transported appellant to the New Philadelphia Post of the Ohio State Highway Patrol where appellant refused to submit to a urine test. The Trooper then charged appellant with one count of driving while under the influence of alcohol, in violation of R.C.4511.19(A)(1), and one count of failing to move over for a stationary public safety vehicle, in violation of R.C. 4511.213(A)(1).
 {¶ 5} On November 15, 2001, appellant entered pleas of not guilty to the charges. Subsequently, on February 19, 2002, appellant filed a Motion to Suppress. On May 2, 2002, following a hearing, a Magistrate overruled appellant's Motion to Suppress. On May 13, 2002, the Magistrate issued findings of fact and conclusions of law relevant to the Motion to Suppress. Thereafter, on May 28, 2002, appellant filed an Objection to the Magistrate's Decision. However, on October 1, 2002, the trial court overruled appellant's Objection.
 {¶ 6} On January 17, 2003, appellant changed his plea on both charges from not guilty to no contest. The trial court found appellant guilty and sentenced appellant accordingly.
 {¶ 7} It is from the January 17, 2003, conviction that appellant appeals, raising the following assignment of error:
 {¶ 8} "Where, in a dui prosecution, the sole basis for the initial traffic stop is that the accused, upon approaching a stationary public safety vehicle that was displaying a flashing combination red and blue light, failed to change lanes into a lane that was not adjacent to that of the stationary public safety vehicle, it is error for the trial court to overrule the accused's motion to suppress where the state fails to establish that the statute upon which the stop is alleged to be based actually prohibits the conduct of the accused."
 {¶ 9} In the sole assignment of error, appellant argues that the state failed to establish appellant's conduct upon which the stop was based was in violation of R.C. 4511.213. Therefore, appellant argues that because there was no basis to stop the vehicle, appellant's motion to suppress should have been granted and appellant's conviction should be reversed. We disagree.
 {¶ 10} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623,620 N.E.2d 906; Guysinger. As the United States Supreme Court held inOrnelas v. U.S. (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 11} Appellant's argument is based upon his interpretation of R.C. 4511.213(A) which states under what circumstances a driver of a motor vehicle must change lanes, if possible. Revised Code 4511.213(A) states as follows, in relevant part:
 {¶ 12} "(A) The driver of a motor vehicle, upon approaching a stationary public safety vehicle that is displaying a flashing red light, flashing combination red and white light, oscillating or rotating red light, oscillating or rotating combination red and white light, flashing blue light, flashing combination blue and white light, oscillating or rotating blue light, or oscillating or rotating combination blue and white light, shall . . . proceed with due caution and, if possible and with due regard to the road, weather, and traffic conditions, shall change lanes into a lane that is not adjacent to that of the stationary public safety vehicle." R.C. 4511.213(A)(1).
 {¶ 13} Appellant asserts that the public safety vehicle in this case was displaying a flashing combination red and blue light. Appellant argues that the statute does not refer to a flashing combination red and blue light. Therefore, appellant concludes that he did not have to comply with R.C. 4511.213(A).
 {¶ 14} We find that appellant's argument fails. The officer in this case testified that he had a red light and a blue light, flashing together. Specifically, the officer testified as follows:
 {¶ 15} "Q. [Y]ou have on your patrol car these, they are red, what are they, red and blue oscillating lights?
 {¶ 16} "A. Yes sir, they're strobe lights.
 {¶ 17} "Q. Okay, and then so that it would, they just flash, how do they work, they go red then blue, red then blue, red then blue, or —?
 {¶ 18} "A. No. One side's blue, one side's red and they're flashing together." Transcript of Suppression Hearing at page 14.
 {¶ 19} We agree with appellant that the statute does not refer to a combination red and blue "light." The statute states that one must change lanes if the public safety vehicle has a flashing, oscillating or rotating combination red and white light or blue and white light. No red and blue light is mentioned. However, in this case the officer did not have a red and blue light. The officer had a red light and a blue light. These two lights flashed together but were two lights not a single combination red and blue light which alternated between red and blue.
 {¶ 20} Therefore, pursuant to R.C. 4511.213(A), the officer had a flashing red light and a flashing blue light, both of which are specifically identified in the statute. Thus, the statute was applicable to the circumstance and appellant was required to change lanes, if possible.
 {¶ 21} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 22} The judgment of the New Philadelphia Municipal Court is affirmed.
Gwin, P.J. concurs.
Hoffman, J. Dissents.